**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM COCKREAM, #689046,

      Petitioner,

                           CASE NO. 2:11-CV-11407

v.                            HONORABLE NANCY G. EDMUNDS
                            UNITED STATES DISTRICT JUDGE

DEBRA SCUTT,

      Respondent.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION [dkt. #15]**

On January 18, 2013, the Court issued an opinion and order denying Petitioner's application

for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The court also denied Petitioner a

certificate of appealability.  Petitioner has now filed a motion for reconsideration. For the reasons

stated below, the court will deny the motion for reconsideration.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for

reconsideration which presents the same issues already ruled upon by the court, either expressly or

by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F.

Supp. 2d 628, 632 (E.D. Mich. 2001). The movant must not only demonstrate a palpable defect by

which the court and the parties have been misled but also show that a different disposition of the

case must result from a correction thereof. A palpable defect is a defect that is obvious, clear,

unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

In the present case, the arguments raised by Petitioner in his motion for reconsideration were

already raised, either explicitly or by reasonable implication, in Petitioner's application for writ of

1

habeas corpus and denied by the Court in its opinion denying the petition. Petitioner asserts that his first claim–alleging that the trial court failed to instruct the jury on manslaughter–is supported by *Mathews v. United States*, 485 U.S. 58, 63 (1988). *Mathews* involved a federal defendant's right to a jury instruction on the defense of entrapment. It did not involve a state defendant's right to a lesser offense instruction. As interpreted by the Sixth Circuit, clearly established Supreme Court law does not create a constitutional right to instructions on lesser offenses in a non-capital case. *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002).

Petitioner also asserts that the Court erred in analyzing his prosecutorial misconduct claim by focusing on the prosecutor's re-direct examination of Southwell regarding his plea bargain instead of the direct examination. But even if the prosecutor suggested during direct examination that Southwell agreed to testify truthfully, there was no misconduct. The introduction of a plea agreement containing a statement that the witness already had "provided truthful and very valuable testimony" in exchange for his plea does not amount to improper vouching. *United States v. Tocco*, 200 F.3d 401, 422 (6th Cir. 2004).

With respect to the color of gun, Petitioner suggests that the police may have painted it so that it appeared as described by the prosecution witnesses. As explained in the Court's opinion denying the petition, Petitioner's arguments are based on poor quality color photographs or copies of photographs. There is a problem with the color saturation in some of the photos. They do not provide a basis for concluding that the police altered the appearance of the gun.

Because Petitioner is merely presenting issues which were already ruled upon by the court, either expressly or by reasonable implication, when the court denied his petition for writ of habeas corpus, the motion for reconsideration will be denied. *See Hence v. Smith*, 49 F. Supp. 2d 547, 553

2

(E.D. Mich. 1999).

      Accordingly, **IT IS ORDERED** that Petitioner's "Motion For Reconsideration" [Dkt. # 15]

is **DENIED**.

                        S/Nancy G. Edmunds
                        Nancy G. Edmunds
                        United States District Judge

Dated: July 23, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 23, 2013, by electronic and/or ordinary mail.

                        S/Johnetta M. Curry-Williams
                        Case Manager
                        Acting in the Absence of Carol A. Hemeyer